**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Lucas Gerdes,

      Plaintiff,

v.

Experian Information Solutions Inc., and
Trans Union LLC,

      Defendants.

File No. 25-CV-3042 (JMB/DTS)

**ORDER**

---

Carter B. Lyons and Thomas J. Lyons, Jr., Consumer Justice Center P.A., Vadnais Heights, MN, for Plaintiff Lucas Gerdes.

John Loscheider, Goodwin Procter LLP, Washington, DC, for Defendant Experian Information Solutions Inc.; and

Amy M. Sieben and Bradley D. Fisher, Fisher Bren & Sheridan LLP, Minneapolis, MN; and Cassie Hendrickson (*pro hac vice*), Quilling Selander Lownds Winslett Moser, Indianapolis, IN; for Defendant Trans Union LLC.

---

This matter is before the Court on Defendant Experian Information Solutions Inc.'s (Experian) Motion to Compel Arbitration. (Doc. No. 51.) For the reasons explained below, the Court grants Experian's Motion, refers this dispute to arbitration, and stays the proceedings pending arbitration.

## BACKGROUND

In January 2018, Gerdes enrolled in CreditWorks, which is a credit monitoring service. (Doc. No. 53 ¶¶ 3, 8.) As part of this enrollment, Gerdes agreed to a Terms of Use Agreement that included an Arbitration Agreement (Agreement). (*Id.* ¶¶ 3–6; *see* Doc.

No. 53-3.)  Gerdes used the CreditWorks service both before and after updates to the Agreement came into effect, including those providing that "[a]ll issues are for the arbitrator to decide including . . . whether you or ECS, through litigation conduct or otherwise, waived the right to arbitrate."[1]  (Doc. No. 53 ¶ 5; Doc. No. 53-4 at 10.)

In July 2025, Gerdes filed a Complaint against Experian, Equifax Information Services LLC, and Trans Union LLC alleging violations of the Fair Credit Reporting Act. (*See* Doc. No. 1.)

## DISCUSSION

Experian has moved to compel arbitration.  (Doc. No. 51.)  Given the applicable language in the Agreement, the Court grants Experian's Motion.

Experian moves to compel arbitration pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16.  (*See* Doc. No. 51.)  The FAA allows parties to use arbitration, instead of lawsuits, to resolve their disputes.  *See* 9 U.S.C. § 2.  The FAA promotes a "liberal federal policy favoring arbitration agreements."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  Written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  That said, "[a] court's role under the FAA is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute."  *Triplet v. Menard, Inc.*, 42 F.4th 868, 870 (8th Cir. 2022) (quotation omitted).  If both are true, "[a] court must grant

---

[1] Gerdes does not dispute that he is bound by updates to the Agreement.  (*See* Doc. No. 53 ¶ 7.)

a motion to compel arbitration." *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1198 (8th Cir. 2008). "The party resisting arbitration bears the burden of showing either that the arbitration provision is invalid or that it does not encompass the claims at issue." *Triplet*, 42 F.4th at 870.

Gerdes does not dispute whether a valid arbitration agreement exists. Instead, Gerdes argues that Experian waived its right to arbitration by significantly participating in litigation before it sought to compel arbitration. (Doc. No. 58 at 4.) Gerdes also argues that this Court—and not an arbitrator—must decide whether Experian has waived its contractual right to arbitration. (*Id.* at 3.) The Court disagrees with Gerdes.

The Agreement explicitly provides that "[a]ll issues are for the arbitrator to decide including . . . whether you or ECS, through litigation conduct or otherwise, waived the right to arbitrate." (Doc. No. 53-4 at 10.) The authority that Gerdes cites does not involve an arbitration agreement that, as here, expressly delegated to the arbitrator the issue of waiver through litigation conduct. *See, e.g.*, *Sitzer v. Nat'l Ass'n of Realtors*, 12 F.4th 853 (8th Cir. 2021); *contra Lamonaco v. Experian Info. Sols., Inc.*, 141 F.4th 1343, 1349 11th Cir. 2025 ("*Grigsby* holds that waiver is *presumptively* a question for the courts. . . . *Grigsby* does not address what happens when the parties agree to delegate waiver issues to the arbitrator. And we have made clear that parties can overcome the default by agreeing to arbitrate threshold arbitrability issues." (citations omitted)). Here, the parties have clearly agreed to arbitrate waiver. The Court therefore concludes that Gerdes's claims fall within the scope of the Agreement.

3

For the reasons stated above, the Court grants Experian's Motion to Compel Arbitration and will stay proceedings in this matter until the completion of the arbitration proceedings.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    Defendant Experian Information Solutions Inc.'s Motion to Compel Arbitration (Doc. No. 51) is GRANTED.

2.    All proceedings in this matter are STAYED pending arbitration.

3.    The parties are directed to commence arbitration in accordance with the procedures set forth in their Arbitration Agreement.  Failure to do so may result in dismissal of this action.

4.    The parties shall file a joint letter within ninety days to update the Court on the status of the arbitration proceedings.

Dated:  August 3, 2026                                    /s/ *Jeffrey M. Bryan*
                                                          Judge Jeffrey M. Bryan
                                                          United States District Court

4